**Frank and Wanita MELLUZZO, Plaintiffs-Appellants,**

v.

**James G. WATT,\* Secretary of the Interior, Defendant-Appellee.**

**No. 80–5561.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1982.

Decided April 16, 1982.

Rehearing Denied May 26, 1982.

Tom Galbraith, Phoenix, Ariz., argued for plaintiffs-appellants; Paul G. Ulrich, Timothy R. Smock, Lewis Roca, Phoenix, Ariz., on brief.

Jacques B. Gelin, Washington, D. C., argued for defendant-appellee; Michael Johns, Phoenix, Ariz., James W. Moorman, Jacques B. Gelin, Dept. of Justice, Washington, D. C., on brief.

---

\* Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, James G. Watt has been substituted for Cecil D. Andrus as the defendant.

Before CHOY, GOODWIN and FARRIS, Circuit Judges.

PER CURIAM:

The Melluzzos appeal from a summary judgment granted in favor of the Secretary of the Interior, affirming the determination of the Interior Board of Land Appeals ("Board"), in *United States v. Melluzzo*, 32 IBLA 46 (1977), that the Melluzzos' six association placer mining claims located for sand, gravel, and building stone were null and void. The Board's decision was based on both the Melluzos' lack of a discovery of minerals of marketable value and on their failure to locate their claims prior to the effective date of the Act of July 23, 1955, 30 U.S.C. § 611 (which removed common varieties of sand, gravel, and other low-grade substances from location under the mining laws). The Board's reconsideration of this case resulted from this court's remand of an earlier determination by the Department of the Interior that the Melluzzos' claims were invalid. The case was remanded to enable the Board to take into account three Ninth Circuit decisions addressing marketability that were handed down after the Department's 1969 determination. *See Melluzzo v. Morton*, 534 F.2d 860, 865 (9th Cir. 1976). In remanding, this court did not preclude the Board from reconsidering whether the Melluzzos had located their claims prior to the July 23, 1955 cutoff date. We find that issue dispositive.

■ In reviewing a decision of the Board and the Secretary, this court exercises a limited standard of review. *Baker v. United States*, 613 F.2d 224, 226 (9th Cir.), *cert. denied*, 449 U.S. 932, 101 S.Ct. 332, 66 L.Ed.2d 157 (1980). Our review is limited to an examination of whether the decision of the Board was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with the law. *Id.*

■ The record shows that the Melluzzos did not record the claims in issue until December 18, 1962, some eight years after they assert they located the claims and seven and one-half years after Congress withdrew common variety minerals from location. *See* 32 IBLA at 66. The Arizona law, which governed the recording of these claims, required a recording of placer mining claims within 60 days of location. *See* Ariz.Rev.Stat.Ann. § 27–207 (repealed 1978). The Melluzzos do not explain why they waited so long to record after Congressional action had potentially jeopardized their claim and when state law required recording within 60 days.

Moreover, the circumstances leading to the Melluzzos' recording are suspicious: the record shows that Frank Melluzzo had given a permit to a third person to extract sand and gravel on land the Melluzzos assert was covered by both their sand and gravel placer claims and their copper lode claims. Their copper lode claims, however, were of dubious validity. Thus, it seems reasonable to conclude, as the Board did, that the Melluzzos had to assert ownership of the sand and gravel placer claims to protect Mr. Melluzzo from potential liability for trespass in connection with the issuance of the permit and the removal of the gravel. *See* 32 IBLA at 73.

The Melluzzos also failed to file affidavits of assessment work then specified under Ariz.Rev.Stat.Ann. § 27–208 (1976) (amended 1978) for the disputed claims although they filed such for their copper lode claims in the proximate area. *Id.* at 71, 74 & n.6. Finally, in November 1962, one month before recording the claims, Frank Melluzzo made a statement to a Bureau of Land Management examiner that the Melluzzos had no interest in the gravel being extracted from the claims. *Id.* at 68. He had also made other inconsistent statements concerning their interest in the claims. *Id.* at 53–55.

The strongest evidence in the record that the claims were located prior to July 23, 1955 is Frank Melluzzo's testimony, corroborated by a Mr. W. Adams, that Melluzzo and Adams constructed stone markers and

placed location descriptions in them prior to that date. *Id.* at 70. The Board apparently decided to disregard this testimony because of Frank Melluzzo's prior inconsistent statements concerning these and other claims, *id.* at 74–75, and Mr. Adams' inability to testify to the name of the claims they had been monumenting. *Id.* at 70.

In light of the evidence detailed above, and other evidence in the record, we hold that the Board's determination that the Melluzzos did not locate their claim prior to July 23, 1955 is based upon substantial evidence. We need not reach the issue of whether there was substantial evidence to support the Board's conclusion that there was also no valid discovery of minerals of marketable value.

AFFIRMED.